UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TEJASH SANCHALA IN HIS CAPACITY AS THE
EXECUTIVE DIRECTOR OF THE WESTCHESTER
COUNTY FAIR HOUSING BOARD, on behalf of the
Residents of GARTH ESSEX,

                Plaintiff,

v.

230 GARTH ROAD OWNERS, INC.,
230 GARTH ROAD OWNERS, INC. BOARD OF
DIRECTORS,
STILLMAN MANAGEMENT REALTY CORP., f/k/a
Stillman Management, Inc., DAMODAR GUJARATI, ,
individually and in his respective capacity as a member of
230 GARTH ROAD OWNERS, INC. BOARD OF
DIRECTORS,
BRENDA HUNDLEY, individually and in her capacity as
Property Manager for 230 GARTH ROAD OWNERS,
INC., LORETTA IANDOLI, individually and in her
capacity as Assistant Property Manager for 230 GARTH
ROAD OWNERS, INC., and MARIO VUKEL,
individually and in his capacity as Superintendent for 230
GARTH ROAD OWNERS, INC.,

                Defendants.

**COMPLAINT**

Docket No.

---

**PRELIMINARY STATEMENT**

1.      The Westchester County Human Rights Commission ("Commission"), a partner with United States Department of Housing and Urban Development ("HUD"), brings this action to vindicate the civil rights of over 1,000 residents at a cooperative housing complex in Scarsdale who, for over a decade, have been denied equal access to their own homes due to Defendants' repeated and willful disregard for the needs of disabled residents. Defendants' persistent refusal in the face of multiple requests to construct entrance ramps necessary for residents with mobility impairments to utilize the front entrance, left the most vulnerable residents relegated to use

service entrances which, themselves, have accessibility challenges. Defendants' actions violate Federal, State and local fair housing laws.

2.      Plaintiff TEJASH SANCHALA IN HIS CAPACITY AS THE EXECUTIVE DIRECTOR OF THE WESTCHESTER COUNTY FAIR HOUSING BOARD, ON BEHALF OF THE RESIDENTS OF GARTH ESSEX, ("Plaintiff"), by and through his attorney, John M. Nonna, Esq., Westchester County Attorney, by David P. Polizzi, Esq., Senior Assistant County Attorney, of Counsel, complaining of defendants 230 GARTH ROAD OWNERS, INC., 230 GARTH ROAD OWNERS, INC. BOARD OF DIRECTORS, STILLMAN MANAGEMENT REALTY CORP., f/k/a Stillman Management, Inc., DAMODAR GUJARATI, individually and in his respective capacity as a member of 230 GARTH ROAD OWNERS, INC. BOARD OF DIRECTORS, BRENDA HUNDLEY, individually and in her capacity as Property Manager for 230 GARTH ROAD OWNERS, INC., LORETTA IANDOLI, individually and in her capacity as Assistant Property Manager for 230 GARTH ROAD OWNERS, INC., and MARIO VUKEL, individually and in his capacity as Superintendent for 230 GARTH ROAD OWNERS, INC. (collectively, "Defendants"), respectfully alleges upon information and belief as follows:

**PARTIES**

3.      At all times hereinafter mentioned, the County of Westchester was and is a municipal corporation, duly organized and existing under the laws of the State of New York.

4.      At all times hereinafter mentioned, the Westchester County Human Rights Commission is a board established by § 700.08 of the Westchester County Human Rights Law.

5.      At all times hereinafter mentioned, the Westchester County Fair Housing Board is a board established by § 700.24 of the Westchester County Fair Housing Law ("WCFHL").

6.	230 Garth Road Owners, Inc. ("Garth Essex") is a cooperative housing corporation, incorporated as such in the State of New York, which exercises control over real property located at 230, 240, 250 and 260 Garth Road, Scarsdale, Westchester County, New York 10583 (the "Subject Property"). The Subject Property is comprised of five buildings: Building 1 (230 Garth Road), Building 2 (240 Garth Road), Building 3 (250 Garth Road), Building 4 (260 Garth Road), and Building 5 (also 260 Garth Road).

7.	230 Garth Road Owners, Inc. Board of Directors ("Board of Directors" or "The Board") is the governing body of Garth Essex.

8.	During times relevant to the Complaint, Damodar Gujarati was a member of the Board beginning in or around 2013, and was the President of the Board. He has been a shareholder of Garth Essex since in or around 2011 and resided at Garth Essex.

9.	During times relevant to the Complaint, Loretta Iandoli has been employed by Garth Essex as Assistant Property Manager of the Subject Property for approximately thirty (30) years.

10.	During times relevant to the Complaint, Mario Vukel was employed by Garth Essex as the Superintendent of the Subject Property for over twenty (20) years.

11.	Stillman Management Realty Corp, ("Stillman"), f/k/a Stillman Management, Inc. is a real estate property management company headquartered at 440 Mamaroneck Avenue, Suite S-512, Harrison, Westchester County, New York 10528. At all times relevant, Stillman was contracted by Garth Essex to provide real estate property management services at the Subject Property.

12. At all times relevant to this Complaint, Brenda Hundley has been employed by Stillman since 2015, and has been the property manager for the Subject Property since January 2019.

13. The Subject Property constitutes a "dwelling" within the meaning of § 3602 of 42 U.S.C. § 3601 *et seq.*, the Federal Fair Housing Act (the "Act"). The Subject Property is not exempt under the Act.

14. The Subject Property also constitutes a "housing accommodation" within the meaning of § 700.20 (I) of the WCFHL. The Subject Property is not exempt under the WCFHL.

15. The Subject Property also constitutes a "housing accommodation" within the meaning of § 292 (10) of the New York State Human Rights Law (the "SHRL"). The Subject Property is not exempt under the SHRL.

## JURISDICTION & VENUE

16. The Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1345 and 42 U.S.C. § 3612(o).

17. The Court has supplemental jurisdiction pursuant to 28 U.S.C. §§ 1367.

18. Venue is proper in this District pursuant to 28 U.S.C. § 1391 and 42 U.S.C. § 3612(o).

## LEGAL AUTHORITY

### A. Federal Law

19. It is unlawful to discriminate against any person in the terms, conditions, or privileges of a dwelling because of disability.[1] 42 U.S.C. § 3604(f)(1) and (2); 24 C.F.R. § 100.65(a).

20. It is unlawful to, *inter alia*, make, or cause to be made, any statement with respect which indicates any preference, limitation, or discrimination based on, among others, disability, or an intention to make any such preference, limitation, or discrimination. 42 U.S.C. § 3604(c); 24 C.F.R. § 100.75(a).

21. It is unlawful to discriminate in the terms, conditions, or privileges of sale or rental of a dwelling because of a disability of: [a disabled] person; or a person residing in or intending to reside in that dwelling after it is rented or made available; or any person associated with that person. 42 U.S.C. § 3604(f)(2); 24 C.F.R. §§ 100.202(b), 100.50(b)(2) and 100.70(c)(4).

### B. Westchester County Fair Housing Law

22. It is unlawful to discriminate against any person because of that person's actual or perceived disability, in the terms, conditions, or privileges of a transaction involving a housing accommodation. WCFHL § 700.21(A)(3).

23. It is unlawful to discriminate against any person because of that person's actual or perceived group identity in the furnishing of facilities or services associated with a housing accommodation or the use or enjoyment in connection therewith. WCFHL § 700.21(A)(4).

---

[1] The Act prohibits discrimination based on "handicap", which has the same legal meaning as "disability". Hereinafter, the term "disability" shall be used.

5

24. It is unlawful, *inter alia*, to make or declare a statement which indicates, directly or indirectly, any preference or discrimination as to a person's actual or perceived group identity. WCFHL § 700.21(A)(5).

25. It is unlawful, with regard to persons with disabilities, to discriminate against them in the terms, conditions or privileges of a transaction of housing accommodation or in the provision of services or facilities because of the disability of that person or associated persons WCFHL § 700.21(A)(9)(b).

26. It is unlawful to refuse to permit reasonable accommodations and modifications of existing premises to afford people with disabilities full use or enjoyment of the premises. WCFHL § 700.21(A)(9)(c).

C. **New York State Human Rights Law**

27. It is unlawful to discriminate against any person because of disability, *inter alia*, in the furnishing of facilities or services in connection with a housing accommodation. SHRL § 296.5(a)(2).

28. It is unlawful, *inter alia*, to circulate or cause to be circulated any statement which expresses, directly or indirectly, any limitation, specification or discrimination as to disability, or any intent to make any such limitation, specification or discrimination. SHRL § 296.5(a)(3).

29. It is unlawful discriminatory practice to refuse to make reasonable modifications to common use portions of a housing accommodation, to afford a person with a disability equal opportunity to use and enjoy a dwelling. SHRL § 296.18.

**RELEVANT FACTS**

I. **Procedural Background**

30. On February 6, 2020, pursuant to § 700.28(A)(3) of the WCFHL, Plaintiff filed a Verified Complaint (the "Complaint"), alleging Garth Essex, the Board of Directors, and Stillman

6

had violated, and were continuing to violate §§ 700.21 (A)(3), (4), (5), (9)(b) and (9)(c) of the WCFHL.

31. Pursuant to a work-sharing agreement (the "Agreement") between HUD and the Commission, and pursuant to § 810 of the Act, the Complaint was forwarded to and dual-filed with HUD on February 13, 2020.

32. Pursuant to the Agreement, both complaints (i.e., Westchester County Complaint, Case No. 2020-HRCH-1968 and HUD's Complaint, Case No. 02-20-5051-8) (collectively, the "Complaints") were concurrently investigated by the Fair Housing Board.

33. On or about March 6, 2020, Garth Essex, the Board of Directors, and Stillman submitted a Position Statement in response to the Complaints.

34. On May 22, 2020, Plaintiff amended the Complaints to, *inter alia*, add as Respondents: Damodar Gujarati, individually and in his respective capacity as a member of the Board; Brenda Hundley, individually and in her capacity as Property Manager for Garth Essex; Loretta Iandoli, individually and in her capacity as Assistant Property Manager for Garth Essex; and Mario Vukel, individually and in his capacity as Superintendent for Garth Essex (collectively, with Garth Essex, the Board of Directors, and Stillman, "Defendants"), and to add an additional claim of discrimination under the County's Human Rights Law.

35. On June 4, 2020, Defendants submitted a Position Statement in response to the Amended Complaint.

36. Pursuant to § 700.28(F) of the WCFHL, on June 10, 2020, a Determination was issued, finding that there existed Probable Cause to support the allegations of the Complaints.

37. On June 15, 2022, a Notice of Referral and Notice of Hearing was issued to the parties.

7

38. Pursuant to § 700.29 (A) of the WCFHL, on June 22, 2022, Defendants elected to have the fair housing claims on which Probable Cause was found decided in a civil action in lieu of an administrative hearing.

39. On August 19, 2022, the Fair Housing Board authorized the Westchester County Attorney ("County Attorney") to bring this civil proceeding pursuant to § 700.29(A)(2) of the WCFHL, providing the County Attorney thirty (30) days in which to initiate this proceeding. As such, this action is being timely filed.

## II. Factual Background

40. On or about January 2, 2020, the Plaintiff was contacted by the daughter of a shareholder ("Shareholder's Daughter") at Garth Essex alleging that her mother was "wheelchair bound."

41. The Shareholder's Daughter provided a petition to the Plaintiff dated December 31, 2019 and signed by forty-three (43) residents requesting that a ramp be installed.

42. As a result of the Shareholder's Daughter's allegations, the Plaintiff investigated the Garth Essex property and sent letters to the entire Garth Essex community (excluding the named respondents), inviting them to share any information that they had regarding disability access issues at the Subject Property.

43. The Plaintiff interviewed twenty-six witnesses as part of its investigation regarding lack of equal access and disability discrimination at Garth Essex.

44. During the course of its investigation, Plaintiff obtained a copy of the "Garth Essex Reasonable Accommodations Policy and Accommodation Application Form" ("RA Policy").

45. The RA Policy states the Board will consider requests on a "case by case" basis and that all requests must be in writing.

46. The RA Policy also required that a "Request of a Reasonable Accommodation" form be filled out.

47. In the course of its investigation, the Plaintiff interviewed the members of the Board as well as named Defendants Brenda Hundley, Loretta Iandoli and Mario Vukel, ("Interviewed Parties"). All parties were unaware of Garth Essex's RA Policy.

48. The Interviewed Parties stated they had an "unwritten" reasonable accommodation practice, which mandated that all requests for disability accommodations be in writing.

49. Under the Act, verbal requests for reasonable accommodations or modifications are valid and must be accepted.

50. During the course of the investigation, witnesses stated that, for over a decade, residents' verbal requests for reasonable modifications to enable equal access were denied by each of the Interviewed Parties.

51. During the course of the investigation, it was found that Defendants were (i) unresponsive to verbal requests despite its legal obligation to do so; (ii) did not engage in an interactive process with individuals who made requests for reasonable modifications; and (iii) refused to provide any modifications or accommodations to people with disabilities in order to provide them with equal opportunity to use and enjoy common area spaces.

52. Plaintiff's investigation also found that Defendants did not keep reasonable accommodation requests by residents of Garth Essex and/or obfuscated the records from Plaintiff.

A. **Garth Essex Lobbies**

53. Interviewed witnesses provided information that requests were made in 2006, 2011, 2012, 2015, 2016, and 2019, for Garth Essex to install ramps in the lobbies of their various buildings so that residents could fully access and enjoy the buildings.

9

54. One resident interviewed indicated that he made a request to the Board for ramps starting in 2011 and continuing thereon, and his requests were ignored.

55. That same resident wrote a letter requesting ramps to the Board, specifically to Defendant Gujarati's attention on or about July 27, 2019, and that letter was ignored.

56. Witnesses reported that Defendants were either non-responsive or summarily dismissed their modification requests and told that the buildings were "grandfathered-in" and/or that the installation of the ramps would be "ugly," "impossible," and/or "never going to happen."

57. Defendants failed to engage in an interactive process when they received such requests for reasonable modifications.

58. Defendants stated that all residents with disabilities should use the "rear entrance."

59. In response to a December 31, 2019 petition to add ramps to the buildings, the relevant board minutes state "[i]t may be added that the back of the building is easily accessible to individuals with limited mobility."

60. Only after the Plaintiff filed its administrative complaint detailing the history of Defendants' extensive decades long non-compliance under the fair housing laws did Defendants install ramps and automated doors to front entrances of Garth Essex buildings.

B. **Rear Service Entrance**

61. Each building in the Garth Essex complex has a rear entrance with a sign reading "Service Entrance," with two (2) doors (i.e. one (1) exterior door and one (1) interior door), each very heavy for a person with mobility disabilities to easily open.

62. Some of the rear entrances to Garth Essex buildings also have antiquated steep slopes.

63. The Plaintiff's investigation found that Defendants were aware of the difficulties people with mobility impairments had with entering the rear entrance from at least 2010, but refused to address the issue.

64. Only after the Plaintiff filed its administrative complaint detailing the history of Defendants' extensive decades long non-compliance under the fair housing laws did Defendants install ramps and automated doors to rear entrances of Garth Essex buildings.

C. **Ingress/Egress to/from Parking**

65. Garth Essex has a parking garage and a parking lot, both of which are accessible only through active driveways or stairs, the latter of which are inaccessible to individuals with mobility impairments.

66. For over a decade, multiple residents have made requests to Defendants to make the garage and parking areas accessible to people with disabilities, but Defendants ignored those requests.

67. In order to use traverse the parking lot or garage area, individuals with mobility impairments have to risk navigating a dangerous driveway with active car traffic.

68. As such, to date, Garth Essex's garage and parking lot are not accessible to individuals with mobility impairments.

## AS AND FOR A FIRST CAUSE OF ACTION

69. The County repeats, re-alleges, and incorporates by reference all of the prior allegations of this pleading as if fully set forth at length herein.

70. Defendants violated subsection 42 U.S.C. § 3604(f)(1) and (2), and 24 C.F.R. § 100.65(a) of the Act by ignoring residents' requests for reasonable accommodations for the

installation of wheelchair-accessible ramps and failing to make Garth Essex's buildings' entranceways accessible to people with disabilities.

## AS AND FOR A SECOND CAUSE OF ACTION

71. Plaintiff repeats, re-alleges, and incorporates by reference all of the prior allegations of this pleading as if fully set forth at length herein.

72. Defendants violated 42 U.S.C. § 3604(f)(2) and 24 C.F.R. §§ 100.202(b), 100.50(b)(2) and 100.70(c)(4) of the Act by discriminating against residents by not making the complex accessible to residents with mobility impairments.

## AS AND FOR A THIRD CAUSE OF ACTION

73. Plaintiff repeats, re-alleges, and incorporates by reference all of the prior allegations of this pleading as if fully set forth at length herein.

74. Defendants violated 42 U.S.C. § 3604(c) and 24 C.F.R. § 100.75(a) of the Act by directing people with mobility disabilities to access Garth Essex buildings via their respective service entrances and/or making comments both orally and in writing that express a preference for residents without disabilities.

## AS AND FOR A FOURTH CAUSE OF ACTION

75. Plaintiff repeats, re-alleges, and incorporates by reference all of the prior allegations of this pleading as if fully set forth at length herein.

76. Defendants violated 42 U.S.C. § 3604(f)(3) and 24 C.F.R. § 100.204 of the Act when they failed to make the complex accessible to residents with mobility impairments.

## AS AND FOR A FIFTH CAUSE OF ACTION

77. Plaintiff repeats, re-alleges, and incorporates by reference all of the prior allegations of this pleading as if fully set forth at length herein.

78. Defendants violated § 700.21(A)(3) of the WCFHL by ignoring residents' requests for reasonable modifications for the installation of wheelchair-accessible ramps and failing to make Garth Essex's buildings' entranceways accessible to people with disabilities.

## AS AND FOR AN SIXTH CAUSE OF ACTION

79. Plaintiff repeats, re-alleges, and incorporates by reference all of the prior allegations of this pleading as if fully set forth at length herein.

80. Defendants violated § 700.21(A)(4) of the WCFHL by ignoring residents' requests for reasonable modifications for the installation of wheelchair-accessible ramps and failing to make Garth Essex's buildings' entranceways accessible to people with disabilities.

## AS AND FOR A SEVENTH CAUSE OF ACTION

81. Plaintiff repeats, re-alleges, and incorporates by reference all of the prior allegations of this pleading as if fully set forth at length herein.

82. Defendants violated § 700.21(A)(5) of the WCFHL by directing people with mobility disabilities to access Garth Essex buildings via their respective service entrances and/or making comments both orally and in writing that express a preference for residents without disabilities.

## AS AND FOR AN EIGHTH CAUSE OF ACTION

83. Plaintiff repeats, re-alleges, and incorporates by reference all of the prior allegations of this pleading as if fully set forth at length herein.

84. Defendants violated § 700.21(A)(9)(b) of the WCFHL by discriminating against residents by not making the complex accessible to people with mobility impairments.

## AS AND FOR A NINTH CAUSE OF ACTION

85. Plaintiff repeats, re-alleges, and incorporates by reference all of the prior allegations of this pleading as if fully set forth at length herein.

86.     Defendants violated § 700.21(A)(9)(c) of the WCFHL when they failed to make the complex accessible for those with disabilities by expending the necessary funds.

## AS AND FOR A TENTH CAUSE OF ACTION

87.     Plaintiff repeats, re-alleges, and incorporates by reference all of the prior allegations of this pleading as if fully set forth at length herein.

88.     Defendants violated § 296.5(a)(2) of the SHRL when they failed to provide equal access to Garth Essex's facilities to residents with disabilities.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION

89.     Plaintiff repeats, re-alleges, and incorporates by reference all of the prior allegations of this pleading as if fully set forth at length herein.

90.     Defendants violated § 296.5(a)(2) of the SHRL when they failed to provide equal access to Garth Essex's facilities to residents with disabilities.

## AS AND FOR A TWELFTH CAUSE OF ACTION

91.     Plaintiff repeats, re-alleges, and incorporates by reference all of the prior allegations of this pleading as if fully set forth at length herein.

92.     Defendants violated § 296.5(a)(3) of the SHRL when they made statements expressing, directly and indirectly, limitations and/or discrimination against residents with disabilities.

## AS AND FOR AN THIRTEENTH CAUSE OF ACTION

93.     Plaintiff repeats, re-alleges, and incorporates by reference all of the prior allegations of this pleading as if fully set forth at length herein.

94. Defendants violated § 296.18 of the SHRL when they failed to make reasonable modifications to common use portions of Garth Essex in order to afford residents with disabilities equal opportunity to use and enjoy the complex.

**WHEREFORE**, it is respectfully requested that this Honorable Court enter Judgment in favor of Plaintiff Tejash Sanchala in his capacity as the Executive Director of the Westchester County Human Rights Commission, on behalf of the Residents of Garth Essex pursuant to 42 U.S.C. §§ 3604(b), 3604(c), 3604(f)(2), 24 C.F.R §§ 100.202.(b), § 100.75(a), 100.50(b)(2), 100.70(c)(4), Westchester County Fair Housing Law §§ 700.21(A)(3), 700.21(A)(4), 700.21(A)(5), 700.21(A)(9)(b), 700.21(A)(9)(c), and New York State Human Rights Law §§ 296.5(a)(2), 296.5(a)(3), and 296.18, and prays that an Order be issued that:

a. Requires Defendants to cease and desist from their discriminatory conduct;

b. Declares that the discriminatory housing practices of Defendants, as set forth above, violate the Act, as amended, 42 U.S.C. § 3601, *et seq.*, Westchester County Fair Housing Law, and New York State Human Rights Law;

c. Enjoining Defendants, their agents, employees, successors, and all other persons in active concert or participation with any of them, from discriminating on the basis set forth in this Complaint;

d. Requiring Defendants to take all such affirmative action that the Honorable Court finds to be necessary in order to remedy Defendants' decades long practices of discriminatory conduct;

e. Awarding such damages as will fully compensate the Residents for the damages caused by Defendants' discriminatory conduct;

f.  Awarding such damages as will fully compensate the County for the expenditure of resources in prosecuting this Complaint;

g.  Awarding the maximum punitive damages against the Defendants;

h.  Awarding the maximum civil penalty against each Defendant for each violation of the Act and Westchester County Fair Housing Law committed,

i.  Awarding costs to be paid by Defendants in the form of reimbursement for actual expenses incurred and reasonable attorneys' fees; and

j.  Awarding such other and further relief that this Honorable Court may deem just and proper.

DATED:  White Plains, New York  **JOHN M. NONNA**
         September 18, 2022       Westchester County Attorney
                                    *Attorney for Plaintiff*

By: _____
David P. Polizzi
Sr. Assistant County Attorney, of Counsel
Michaelian Office Building
148 Martine Avenue, Room 600
White Plains, New York 10601
T: (914) 995-4796
F: (914) 995-3132
dppd@westchestergov.com